IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of T~
FILED

MAY 17 2000

MICHAEL N. MILBY, CLERK

CIVIL ACTION CA-C-00-128

IN RE: BAKER ENERGY RESOURCES
DEBTOR

BANKR. CASE NO. 00-20338-C-11

(Appeal of Bankruptcy Court's Sua Sponte Dismissal of Bankruptcy Case)

# REPLY BRIEF OF APPELLANT BAKER ENERGY RESOURCES

Shelby A. Jordan
State Bar No. 11016700
Admissions No. 2195
Anne E. Catmull
State Bar No. 794932
Fed. Admissions No. 19615
Nathaniel Peter Holzer
State Bar No. 00793971
Admissions No. 21503
***Jordan, Hyden, Womble & Culbreth P.C.***
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
(361) 884-5678

Attorneys for Baker Energy Resources, Appellant

## TABLE OF CONTENTS

TABLE OF CONTENTS ..........................................................................................ii

TABLE OF AUTHORITIES ..............................................................................iii, iv

    Cases ..............................................................................................iii, iv

    Statutes ................................................................................................iv

    Federal Rules ......................................................................................iv

    Other Sources .....................................................................................iv

I.    REPLY TO APPELLEE'S, "STATEMENT OF STANDARD OF REVIEW" ................................ 1

II.    REPLY TO APPELLEE'S "STATEMENT OF THE NATURE OF THE CASE" ............................ 2

III.    REPLY TO APPELLEE'S "STATEMENT OF RELEVANT FACTS" ........................................ 3

IV.    REPLY TO APPELLEE'S ARGUMENTS AND AUTHORITIES................................................ 4

V.    CONCLUSION ....................................................................... 9

CERTIFICATE OF SERVICE ..................................................... 10

# **TABLE OF AUTHORITIES**

## CASES

*Cases*                                                                                              Page(s)

***Argus Group 1700, Inc. v. Steinman,***
    206 B.R. 757 (E.D. Pa. 1997) ............................................................. 7,8

***F.T.C. v. Gill****,*
    71 F.Supp.2d 1030 (C.D.Cal.1999) ...................................................... 3,8

***In re Coastal Plains, Inc.****.,*
    179 F.3d 197 (5th Cir.1999) ................................................................. 2

***In re Kestell****,*
    99 F.3d 146 (4th Cir.1996) ................................................................... 5

***In re Koopman's,***
    22 B.R. 395 (Bkrtcy. D. Utah 1982) ..................................................... 6

***In re Moody****,*
    899 F.2d 383 (5th Cir. 1990) ................................................................ 1

***In re REPH Acquisition Co.****.,*
    134 B.R. 194,206 (N.D.Tex.,1991) ................................................. 3,8,9

***Matter of Haber Oil Co., Inc.,***
    12 F.3d 426 (5th Cir.1994) ................................................................... 8

***Matter of Little Creek Development Co.,***
    779 F.2d 1068, 1073-1074 (5th Cir.1986) ............................................ 4

***Patterson v. Shumate****,*
    504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) ........................ 6

***Reading & Bates Construction Co. v. Baker Energy Resources Corporation***
    976 S.W.2d 702 (Tex. App. --Hous.(1 Dist..) 1998, writ denied) ......... 2

***Rollex Corp. v. Associated Materials, Inc.***
    (In re Superior Siding & Windows, Inc.)
    14 F.3d 240, 242 (4th Cir.1994) ........................................................... 1

***Taylor v. Freeland & Kronz****,*
    503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) ...................... 5,6

*Toibb v. Radloff,*
    501 U.S. 157, 160, 111 S.Ct. 2197, 2199, 115 L.Ed.2d 145 (1991)......6

## STATUTES

11 U.S.C. § 102 ................................................................8

11 U.S.C. §105(a) ..............................................................8

11 U.S.C. § 1112 ..........................................................1,6,7

11 U.S.C. § 1112(b) ...........................................................9

11 U.S.C. § 362(d)(2)(B) ......................................................6

28 U.S.C. §158(a) .............................................................1

## FEDERAL RULES OF PROCEDURE

Bankr. R.Proc. 1009 ...........................................................3

## OTHER SOURCES

Collier on Bankruptcy Vol. 7, Sec. 1112.07[3] .................................5

**REPLY BRIEF OF APPELLANT BAKER ENERGY RESOURCES
IN RESPONSE TO BRIEF OF APPELLEE READING AND BATES
AND IN SUPPORT OF
DEBTOR'S APPEAL OF BANKRUPTCY COURT'S
<u>SUA SPONTE</u> ORDER DISMISSING CHAPTER 11**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Baker Energy Resources Corporation, Debtor and Debtor-in-Possession in the referenced bankruptcy proceeding ("Appellant"), and files this Reply Brief in reply to the Brief of Appellees the Reading and Bates entities and would respectfully show the Court as follows:

## I.
### REPLY TO APPELLEE'S "STATEMENT OF STANDARD OF REVIEW[1]"

1.  Appellee indicated general agreement with Appellant's statement of the standard of review --that the bankruptcy court's conclusions of law are subject to *de novo* review by the district court while its findings of fact will be upheld unless clearly erroneous--but added that a bankruptcy court's power to dismiss under 11 § U.S.C. 1112 should not be disturbed unless the bankruptcy court abused its discretion. That statement is incorrect. Appellant acknowledges that this is the general standard of review when a district court reviews a bankruptcy court's decision *not* to grant a motion to dismiss pursuant to § 1112. However, a bankruptcy court's decision *to grant* a motion to dismiss under § 1112 is a matter of law subject to *de novo* review. ***Rollex Corp. v. Associated Materials, Inc.*** (In re Superior Siding & Windows, Inc.) 14 F.3d 240, 242 (4th Cir.1994).

2.  Moreover, were abuse of discretion the proper standard of review, it would not mean that the bankruptcy court's mistake of law is beyond appellate correction. "The abuse of

---

[1] Apart from the formal standard of review mentioned below, a district court functioning in an appellate capacity over a bankruptcy court order may, because of its inherent bankruptcy jurisdiction under § 157 of Title 28, reshape the relief granted by the bankruptcy court. *In re Moody*, 899 F.2d 383 (5th Cir. 1990).

discretion standard of review includes review to determine that the discretion was not guided by erroneous legal conclusions." *In re Coastal Plains, Inc.*, 179 F.3d 197, 204 (5th Cir.1999).

## II.
## REPLY TO APPELLEE'S "STATEMENT OF THE NATURE OF THE CASE"

3.  Regarding paragraph 5 of Appellee's brief, concerning the length of time the Removed Case had been on file in the state district court as of the date the bankruptcy was filed, it is important to understand that the State Court Suit had been the subject of numerous continuances at the request of Appellee, and had been abated for some time, in part due to the disinclination of a Texas court to recognize the Canadian judgment. These facts are set out in an opinion in one of the numerous lawsuits between theses two parties that preceded the Removed Case. *See* ***Reading & Bates Construction Co. v. Baker Energy Resources Corporation***, 976 S.W.2d 702 (Tex. App. –Houston[1st Dist.] 1998, writ denied). In that case, the Texas Court of Appeals overturned a Trial Court's ruling that had held that recognition of the Appellee's judgment would interfere with important Texas interests. In fact, it was not until the end of 1999 that the Appellee's judgment was recognized in Texas by a final and non-appealable order.[2]

4.  Regarding paragraph 6 of Appellee's brief, the characterization of McCarthy Tetrault as Appellant's "one non-insider creditor" is misleading. For example, the extent to which Appellant may owe taxes to the Texas Comptroller is not clear [see Record #17, Debtor's First Amended Schedules]. More misleading, Appellee asks this court to join it in ignoring that on February 28, 2000, only twenty-six days after filing its Chapter 11, Appellant in fact amended

---

[2] Importantly, the other reason the State Court Suit was stalled was Appellee's own requests for continuances pending the resolution of litigation in Louisiana of a virtually identical case. The Louisiana Supreme Court eventually upheld an appeals court opinion in favor of Appellant herein. Appellee nonetheless decided to continue

REPLY BRIEF OF APPELLANT BAKER ENERGY RESOURCES                                           Page 2

its schedules to add ten additional creditors. Appellee would conveniently overlook that bankruptcy law allows the amendment of schedules as a matter of course at any time before the closing of the case. Bankr. R.Proc. 1009.

### III.
### REPLY TO APPELLEE'S "STATEMENT OF THE RELEVANT FACTS"

5. It bears repeating that this appeal is about whether the bankruptcy court erred in dismissing Appellant's Chapter 11 proceeding *sua sponte,* thereby depriving the Debtor (Appellant) and certain of its creditors of due process of law in violation of the Constitution and the Bankruptcy Code. Due process is not a concept that can simply be ignored when some contrary result is desired.

6 Regarding paragraphs 9 through 17 of Appellee's brief, it is clear that, despite Appellee's astonishing assertions otherwise, *no evidence was admitted* at the February 11th hearing at which Bankruptcy Court dismissed the Debtor's case[3]. Appellee appears to be asserting that argument from counsel for Appellee somehow created an evidentiary record--but the statements of counsel are clearly not evidence. *F.T.C. v. Gill*, 71 F.Supp.2d 1030 (C.D.Cal., Nov 03, 1999); *In re REPH Acquisition Co.*, 134 B.R. 194 ,206 (N.D.Tex.,1991) ("It is, of course, well settled that the arguments of counsel are not evidence.").

7. Likewise, the Appellee's "exhibits" were not even offered into evidence, but instead were used only for purposes of argument and demonstration, or to quote the bankruptcy

---

asserting the same claims against most of the same parties in Texas, making the instant matter at least the ninth suit brought by Appellee over the same set of core facts.
[3] The Bankruptcy Court took judicial notice of the Debtor's Schedules and Statement of Affairs, both of which have since been amended.

REPLY BRIEF OF APPELLANT BAKER ENERGY RESOURCES                                     Page 3

court, they were "not admitted for the truth of the matter stated." [see transcript page 29, lines 19-20].

8. The balance of Appellee's "statement of the relevant facts" is no more than restated legal argument, completely unsupported allegations, misleading and irrelevant. What is made clear by the Appellee's (generously put) hard spin on "the facts," by Appellant's responses herein, and in Appellant's initial brief, is the real problem at hand: The bankruptcy court dismissed Appellant's chapter 11 bankruptcy only nine days after the bankruptcy was filed, with only two days notice of the hearing, without notice to known creditors that stand to benefit from the continuance of the case in bankruptcy, when Appellant's lead counsel was out of town, and after a short hearing in which no evidence was presented.[4] In the same situation in *Matter of Little Creek Development Co.* 779 F.2d 1068, 1073-1074 (5th Cir.1986), the Fifth Circuit remanded to the bankruptcy court for a further full evidentiary hearing.

## IV.
## REPLY TO APPELLEE'S ARGUMENTS AND AUTHORITIES

**REPLY TO PART A**

9. Regarding paragraphs 18 through 21 of Appellee's brief, there is sad irony in Appellee's objection to this court's consideration of *actual* evidence admitted in a hearing. The Proffer to which Appellee objects, not surprisingly, consists of some of the evidence Appellant never had the chance to show the bankruptcy court at the hearing that resulted in the dismissal from which Appellant now appeals.

---

[4] The absence of a record in this appeal is of course highlighted by the Appellant's proffer of the testimony of Mr. Larry Baker at the later hearing on reconsideration of the motion to remand, and the 47 Exhibits taking up five binders that were presented along with the Proffer at that hearing. Virtually all of those exhibits (and the Proffer) are relevant to this appeal.

REPLY BRIEF OF APPELLANT BAKER ENERGY RESOURCES                                              Page 4

10. Regarding paragraph 19 and 20 of Appellee's brief, Appellee's allegation that Appellant's chapter 11 is a mere attempt to postpone the inevitable misses the point. Appellee has failed in numerous attempts in numerous courts to collect its judgment. The lawsuit that resulted in the Canadian judgment was Appellee's third lawsuit alleging the same infringement of intellectual property rights. Appellee lost the first two in the United States so it moved on up to Canada. More recently, Appellee lost (after an appeal the Louisiana Supreme Court) in its attempt to do there what it now seeks to do in Texas. Appellant remains, therefore, unpersuaded by Appellee's assurances in paragraph 20 that Judge Hancock presides over that "special" state court that somehow has the power to dissuade Appellee from simply moving on to another forum, as it has done numerous times in the past. Only a Federal Court with nationwide jurisdiction can finally and forever put to rest the 20 years of litigation between these parties.

11. Regarding paragraph 21 of Appellee's brief, the Court should take note that Appellee carefully does not deny its lack of standing as the real party in interest to the Canadian judgment and that it acquired the Canadian judgment for little or no consideration. To question the significance of these circumstances, as does Appellee, is to ignore the equitable nature of bankruptcy relief. "As a general matter, bankruptcy relief is equitable in nature, and, as a general rule, equitable remedies are not available to any party who fails to act in an equitable fashion." **Collier on Bankruptcy Vol. 7, Sec. 1112.07[3]**; *see also In re Kestell*, 99 F.3d 146 (4th Cir.1996) (discussing equitable nature of bankruptcy relief and the necessity that parties seeking relief have "clean hands").

12. Regarding paragraphs 23 and 24 of Appellee's brief, Appellant addresses recent Supreme Court holdings bringing into serious question a bankruptcy court's power to engraft a "good faith" standard onto the Bankruptcy Code where Congress chose not to. *Taylor v.*

*Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *Toibb v. Radloff* 501 U.S. 157, 160, 111 S.Ct. 2197, 2199, 115 L.Ed.2d 145 (1991). But Appellant fails to offer any persuasive authority for the notion that the Courts have the power to inject a "bad faith" dismissal standard into 11 U.S.C. § 1112. It instead merely cites the decisions of recent lower court cases that are contrary in principal to the holdings of the Supreme Court.

13. Regarding paragraph 28 of Appellee's brief, Appellee mistakenly relies on *In re Koopman's* 22 B.R. 395 (Bkrtcy. D. Utah 1982). *Koopman's* was a landmark bankruptcy court opinion (embraced by thirty-five of the forty-four courts who looked to it for authority) that is recognized for its vindication of the viability of a liquidating chapter 11 bankruptcy, for its elucidation of why Congress dropped the "good faith" filing standard of the former Bankruptcy Act, and for its discussion of how the "good faith" filing standard should not be allowed to resurface in the guise of an 11 U.S.C. 362(d)(2)(B) hearing. In perhaps the most relevant passage, the *Koopman's* court wrote

> Overruling prior law and authorizing liquidation in reorganization, without more, however, was insufficient. It was necessary to coordinate the standards for dismissal with provisions for liquidation so that vestiges of prior law, such as the good faith hearing, did not resurface to complicate realization of the reform goal. For this reason, the authors of the Code did not write a measure similar to Sections 141 and 146 into Chapter 11, *but left dismissal to await the request of a party under Section 1112(b)*. See, e.g., P. Murphy, supra ; Anderson and Wright, supra. This design was recognized by creditors who, in testimony on S. 2266, believed that they "should be able to seek a dismissal of the proceedings where continuing losses are likely or where there is no reasonable possibility of rehabilitation. We approve the language of s 1112(b) of S. 2266 and believe that it is necessary in light of the absence of 'good faith' (see s 146 of the existing Act) and 'indemnity' (see ss 326 and 426 of the existing Act) hearings in Chapter 11." Senate Hearings, supra at 577. (Emphasis supplied.) The legislative history likewise indicates that "(t)his Section (1112(b) ) brings together all of the conversion and dismissal rules for Chapter 11 cases," H.R.Rep.No.95-95, 95th Cong., 1st Sess. 405 (1977), U.S.Code Cong. & Admin. News 1978, p. 6361

(emphasis supplied), suggesting that Section 1112(b) is the exclusive arbiter of tests concerning the rehabilitation of debtors.

Moreover, Section 1112(b)(1) permits relief upon a showing of the "absence of a reasonable likelihood of rehabilitation" and "continuing loss to or diminution of the estate." This dual requirement highlights the difference between "rehabilitation" and "reorganization." Section 1112(b) (1) requires more than the absence of rehabilitation, viz., continuing loss, because otherwise it would be inconsistent with those provisions which permit a plan of reorganization to be a plan of liquidation. For the same reason, a rehabilitation test in Section 362(d)(2)(B) would contradict the provisions for liquidation. Liquidation is permitted, if rehabilitation is not in the cards, so long as there is no "continuing loss to or diminution of the estate." *In other words, it would be anomalous if one creditor, absent notice to other creditors, and at an accelerated hearing, could defeat an opportunity to liquidate because a rehabilitation test was not met under Section 362(d)(2)(B), while another creditor, after notice to all creditors, and at an unhurried hearing, could not obtain a similar result without showing both a want of rehabilitation and continuing loss under Section 1112(b)(1).*

*Id.* at 403-404 (footnotes omitted) (emphasis added).

### REPLY TO PART B

14. Regarding paragraphs 41 and 42 of Appellee's brief, Appellee cites one lonely bankruptcy court opinion for the proposition that bankruptcy courts can ignore the mandates of the Constitution and 11 U.S.C. §1112 and forego notice and hearing to all creditors before dismissing a chapter 11 bankruptcy. In *Argus Group 1700, Inc. v. Steinman,* 206 B.R. 757 (E.D. Pa. 1997) a district court denied the appellant-debtor's argument that dismissal without notice to a secured creditor is reversible error. To the extent that single case stands for the proposition that bankruptcy courts can ignore the Constitutional right to due process and the mandates of 11 U.S.C. §1112, Appellant respectfully suggests that it is in error. Furthermore, in key points *Argus* is materially distinguishable from the instant case. The *Argus* court had given the debtor a full month's notice of a hearing wherein it would face a dismissal. *Id.* at 763. After its dicta

REPLY BRIEF OF APPELLANT BAKER ENERGY RESOURCES  Page 7

regarding standing, the *Argus* court actually infers from the record that notice to the secured creditor was indeed sufficient:

> Furthermore, at a hearing before this court to consider the debtors' motion for a stay pending appeal, Carnegie Bank's counsel addressed the court but expressed no interest in participating in this appeal. [FN13] It can be inferred that Carnegie Bank has neither an objection to the notice, if any, the bankruptcy court provided it nor an objection to the bankruptcy court's dismissal of the debtors' bankruptcy cases. The record also reflects that, at a hearing before the bankruptcy court on the debtors' motion for a stay pending appeal, the bankruptcy court informed Carnegie Bank that it could object to the court's dismissal of the bankruptcy cases by filing a motion for reconsideration of the court's October 31, 1996, order. Carnegie Bank filed neither a motion for reconsideration nor any other pleading with the bankruptcy court or with this court.

*Id.* at 764.

15.   Regarding paragraphs 43 and 44 of Appellee's brief, 11 U.S.C. §105(a) simply does not empower a bankruptcy court to ignore clear Bankruptcy Code mandates. ***Matter of Haber Oil Co., Inc.,*** 12 F.3d 426 (5th Cir.1994) (holding that even broad powers of bankruptcy courts to fashion equitable remedies must be exercised only within confines of Bankruptcy Code)  The cases cited by Appellee as authority that 11 U.S.C. § 105(a) allows a bankruptcy court to dismiss a debtor absent notice and hearing to all parties in interest do not so hold. Rather, each case merely supports a bankruptcy court's power to *sua sponte* dismiss a bankruptcy with proper notice to all parties in interest, a power Appellant does not dispute.

16.   Regarding paragraph 45 of Appellee's brief, Appellant admits that 11 U.S.C. § 102 allows the bankruptcy Court to act without a hearing in certain circumstances; however, it certainly does not allow a court to act without notice. Not surprisingly, Appellee failed to cite a single authority for the proposition that "notice and hearing" can mean a hearing with absolutely no notice.

17. Regarding paragraph 46 of Appellee's brief, it is worth repeating that the statements of counsel are not evidence. *F.T.C. v. Gill*, 71 F.Supp.2d 1030 (C.D.Cal.1999); *In re REPH Acquisition Co.*, 134 B.R. 194, 206 (N.D.Tex. 1991) ("It is, of course, well settled that the arguments of counsel are not evidence.").

## V.
## CONCLUSION

18. The Bankruptcy Court order *sua sponte* dismissing Appellant's good faith chapter 11 liquidating bankruptcy should be reversed. The *sua sponte* dismissal was clear error to the extent the dismissal was based on an implicit finding of "bad faith" and an explicit finding that the case was only a two party dispute. The *sua sponte* dismissal was error as a matter of law to the extent the dismissal was based on the Honorable Bankruptcy Court's application of factual findings of "bad faith" to the legal standard for bad faith set out in *Little Creek*. The *sua sponte* dismissal was error as a matter of law to the extent it relied on the now over-ruled judicially-created "good faith" filing requirement set out in *Little Creek*. The *sua sponte* dismissal was error as a matter of law in that it violated 11 U.S.C. § 1112(b)'s "notice and hearing" mandate. The *sua sponte* dismissal was error as a matter of law in that it violated 11 U.S.C. § 1112(b)'s "best interest of the creditors" test. The *sua sponte* dismissal was error as a matter of law in that it violated the due process rights of the unnoticed creditors.

WHEREFORE, Debtor, Baker Energy Resources Corporation, Appellant herein, prays that the District Court reverse the Honorable Bankruptcy Court's dismissal of Appellant's chapter 11 bankruptcy and for such further relief to which he may be justly entitled, both in law and in equity.

Respectfully Submitted,

*Shelby A. Jordan/ by N.P. Holzer with permission*

Shelby A. Jordan
State Bar No. 11016700, Adm No. 2195
Anne E. Catmull
State Bar No. 00794932, Adm No. 19615
Nathaniel Peter Holzer
 State Bar No. 00793971, Adm No. 21503
500 North Water Street, Suite 900N
Corpus Christi, Texas 78471
Telephone: (512) 884-5678
Telecopier: (512) 888-5555
COUNSEL FOR BAKER ENERGY
RESOURCES

## CERTIFICATE OF SERVICE

I, Nathaniel Peter Holzer, certify that a true and correct copy of the foregoing instrument was mailed to all parties and counsel as provided below, by first class mail, on May 16Th, 2000.

Chris E. Ryman
COATS, ROSE, YALE, RYMAN & LEE, P.C.
800 First City Tower
1001 Fannin Street
Houston, Texas 77002
**ATTORNEYS FOR PLAINTIFFS**

Leonard Rose
Robert W. Tormohlen
LEWIS, RICE & FINGERSH, L.C.
1010 Walnut, Suite 500
Kansas City, MO 64106
**ATTORNEYS FOR PLAINTIFFS**

Richard A. Schwartz
Phillip W. Bechter
SCHWARTZ, JUNELL, CAMPBELL
   & OATHOUT, L.L.P.
Two Houston Center
909 Fannin Street, Suite 2000
Houston, Texas 77010

Michael B. Schmidt, Esq.
Law Offices of
Michael B. Schmidt
712 American Bank Plaza
Corpus Christi, TX 78475

_____
Nathaniel Peter Holzer

REPLY BRIEF OF APPELLANT BAKER ENERGY RESOURCES                    Page 10