IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 6 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| IN RE: | § § | |
| BAKER ENERGY RESOURCES, | § § | BANKR. CASE 00-20338-C-11 |
| DEBTOR | § § | CHAPTER 11 |
| BAKER ENERGY RESOURCES CORPORATION | § § § | |
| VS. | § § § | APPEAL NO. CIVIL ACTION CA-C-00-128 |
| READING AND BATES CONSTRUCTION CO. | § § | |

## EMERGENCY *JOINT* MOTION TO RECONSIDER 8/15/00 ORDER DENYING EMERGENCY *JOINT* MOTION TO EXTEND DEADLINE BY WHICH BANKRUPTCY COURT MUST HOLD FURTHER EVIDENTIARY HEARING ON WHETHER TO DISMISS BANKRUPTCY CASE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME **BAKER ENERGY RESOURCES** and **READING AND BATES CONSTRUCTION, CO.,** Appellant and Appellee, respectively, in the above-entitled and numbered cause, and file this Emergency Joint Motion to Reconsider the August 15, 2000 Order Denying Emergency Joint Motion to Extend Deadline By Which Bankruptcy Court Must Hold Further Evidentiary Hearing On Whether To Dismiss Bankruptcy Case, and in support thereof would show the Court as follows:

### Introduction

1.     On February 11, 2000, the United States Bankruptcy Court, Southern District of Texas, Corpus Christi Division, dismissed Baker Energy Resource Corporation's chapter 11 bankruptcy proceeding.

26.

2. On February 18, 2000, Appellant filed its Notice of Appeal (the "Appeal") in the above-referenced bankruptcy proceeding, pursuant to 28 U.S.C. § 158(a).

3. On July 19, 2000, this Honorable Court heard oral argument on the Appeal and ruled that the case shall be remanded to the Bankruptcy Court, directing the Bankruptcy Court to conduct a further evidentiary hearing ("Dismissal Evidence Hearing"), upon notice, as to whether dismissal is appropriate and further directing the Bankruptcy Court to enter findings of facts and conclusions of law.

4. On July 20, 2000, this Honorable Court entered an order reflecting the above-described ruling, giving the Bankruptcy Court thirty days to conduct the Dismissal Evidence Hearing. A copy of the order is attached and marked exhibit A. This Honorable Court set the thirty day deadline, at least in part, to address Appellee's request for speedy disposition.

5. On July 28, 2000, Appellant filed in the Bankruptcy Court a request that the Bankruptcy Court set the Dismissal Evidence Hearing, to which request was attached a copy of this Honorable Court's July 20, 2000 order directing the Bankruptcy Court to set the Dismissal Evidence Hearing within thirty days. A copy of that request for hearing is attached and marked exhibit B.

6. On August 2, 2000, the Bankruptcy Court signed an order setting the Dismissal Evidence Hearing for September 11, 2000, and directing the parties to notice all creditors and parties in interest. A copy of that order is attached and marked exhibit C.

7. On August 3, 2000, in compliance with the Bankruptcy Court's August 2, 2000 order, Appellant sent notice of the September 11, 2000 Dismissal Evidence Hearing to all creditors and parties in interest. A copy of that notice is attached and marked exhibit D.

EMERGENCY JOINT MOTION RECONSIDER 8/15/00 ORDER DENYING     2
EMERGENCY JOINT MOTION TO EXTEND DEADLINE BY WHICH BANKRUPTCY
COURT MUST HOLD FURTHER EVIDENTIARY HEARING ON WHETHER TO
DISMISS BANKRUPTCY CASE

8. On August 14, 2000, case manager for the Bankruptcy Court telephonically contacted Appellant and Appellee and advised each that the Dismissal Evidence Hearing will occur on August 17, 2000, rather than the September 11, 2000 date, in order that the Bankruptcy Court complies with this Honorable Court's July 20, 2000 order.

9. On August 15, 2000, this court considered and denied for lack of cause Appellant's and Appellee's Emergency Joint Motion to Extend Deadline By Which Bankruptcy Court Must Hold Further Evidentiary Hearing On Whether To Dismiss Bankruptcy Case, in which the Appellant and Appellee. A copy of that motion is attached and marked E.

## Relief Requested

10. Appellant and Appellee request that this Honorable Court reconsider its denial and extend the deadline by which the Bankruptcy Court shall conduct further evidentiary hearing through and until September 12, 2000 in order that the Dismissal Evidence Hearing occur on September 11, 2000, the date originally noticed out to all creditors and parties and interest [See exhibits C and D].

11. In the rush to acquire an order extending this Honorable Court's thirty day deadline for further evidentiary hearing, Appellant failed to point out the following compelling reasons why the thirty day deadline should be extended. Appellant and Appellee beg this Honorable Court's indulgence and respectfully point out the following:

## Reasons to Reconsider Extending the 30 Day Deadline

12. Appellant initiated this appeal, in part, to complain of the Bankruptcy Court's dismissal of Appellant's bankruptcy case in the absence of proper and timely notice to all creditors and parties in interest as is required under 11 U.S.C. § 1112. The Bankruptcy Court hearing resulting in the order from which Appellant appeals was heard after only 2 and one half

EMERGENCY JOINT MOTION RECONSIDER 8/15/00 ORDER DENYING   3
EMERGENCY JOINT MOTION TO EXTEND DEADLINE BY WHICH BANKRUPTCY
COURT MUST HOLD FURTHER EVIDENTIARY HEARING ON WHETHER TO
DISMISS BANKRUPTCY CASE

days notice to Appellant (which notice Appellee vigorously argues was and is sufficient). Additionally, the Appellant complained of lack of time to prepare and present evidence of the long and convoluted history of litigation between the parties (which Appellant believes justifies the chapter 11 bankruptcy but which Appellee vigorously denies.) [See exhibit F, Bankruptcy Court order setting hearing on Appellee's motion for emergency hearing on motion to remand.] This Honorable Court remanded to the Bankruptcy Court in part to cure Appellant's complaint of insufficient notice. Should the Dismissal Evidence Hearing occur on only two and one half days notice to all parties, some of whom reside outside the United States, this Honorable Court's efforts to cure Appellant's defective notice complaint will be defeated.

13.  Similarly, Appellant initiated this appeal, in part, to complain that there was insufficient evidence of bad faith or other "cause" for dismissal of the bankruptcy case. Unfortunately, the Bankruptcy Court entered no findings of facts and conclusions of law to which this Honorable Court could refer while considering the sufficiency of evidence. Mindful of the Fifth Circuit's decision to remand to the bankruptcy court for further evidence in the face of similar lack of evidentiary record in *Matter of Little Creek Development Co.* 779 F.2d 1068, 1073-1074 (5th Cir.1986), this Honorable Court remanded this appeal to the Bankruptcy Court in part so that the Bankruptcy Court could hear properly developed evidence and make specific findings of facts and conclusions of law as to whether dismissal is appropriate. Should the Dismissal Evidence Hearing occur on only two and one half days notice to all parties this Honorable Court's efforts to cure the lack of evidentiary record may be defeated. *Importantly, to a large extent both Appellant and Appellee will rely on the testimony of the same witness, Larry Baker, Jr. who believes that the hearing is set for September 11, 2000. Although notice of the*

*August 17, 2000 date has been faxed to Larry Baker, Jr. he has not yet confirmed with the office of counsel for Appellant his attendance at the August 17, 2000 hearing.*

14. As set out in the previous joint motion, Appellant and Appellee make this joint request in order to accommodate the schedule of Kansas City counsel for Appellee whose familiarity with the 20 year history of the case makes his presence especially important to Appellee. (Although Appellee is admittedly represented by very competent local counsel.) Kansas City counsel for Appellee reasonably relied on the Bankruptcy Court order setting the Dismissal Evidence Hearing for September 11, 2000. [See exhibit C, Bankruptcy Court order setting Dismissal Evidence Hearing for September 11, 2000.] Appellee believes it would be prejudiced should the Dismissal Evidence Hearing go forward in the absence of the Kansas City Counsel.

15. No party in interest opposes this joint motion.

Prayer

WHEREFORE, Appellant and Appellee pray that this Honorable Court:

a. Reconsider its August 15, 2000 order denying the Emergency Joint Motion to Extend Deadline By Which Bankruptcy Court Must Hold Further Evidentiary Hearing On Whether To Dismiss Bankruptcy Case;

b. Enter an Order Extending Deadline By Which the Bankruptcy Court Must Hold Further Evidentiary Hearing On Whether To Dismiss Bankruptcy Case; and

c. for such further relief, at law and in equity, to which Appellant and Appellee may show themselves justly entitled.

Respectfully submitted,

EMERGENCY JOINT MOTION RECONSIDER 8/15/00 ORDER DENYING   5
EMERGENCY JOINT MOTION TO EXTEND DEADLINE BY WHICH BANKRUPTCY
COURT MUST HOLD FURTHER EVIDENTIARY HEARING ON WHETHER TO
DISMISS BANKRUPTCY CASE

_[signature]_
Shelby A. Jordan
State Bar No. 11016700
Admissions No. 2195
Anne E. Catmull
State Bar No. 00794932
Admissions No. 19615
***Jordan, Hyden, Womble & Culbreth, P.C.***
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555
**ATTORNEYS FOR APPELLANT
BAKER ENERGY RESOURCES
CORPORATION**

_R. Tormohlen by permission A. Catmull_
Leonard Rose
State Bar No. 00785054
Robert W. Tormohlen
MO Bar No. 40024
LEWIS, RICE & FINGERSH, L.C.
1010 Walnut, Suite 500
Kansas City, MO 64106
Telephone No. (816) 421-2500
Telecopier No. (816) 472-2500
  **ATTORNEYS FOR APPELLEE**

_M. Schmidt by permission A. Catmull_
Michael Schmidt
State Bar No. 17775200
Admissions No. 10260
712 American Bank Plaza
Corpus Christi, TX 78475
Telephone No. (361) 884-9949
Telecopier No. (361) 884-6000
**ATTORNEYS FOR APPELLEE**

EMERGENCY JOINT MOTION RECONSIDER 8/15/00 ORDER DENYING     6
EMERGENCY JOINT MOTION TO EXTEND DEADLINE BY WHICH BANKRUPTCY
COURT MUST HOLD FURTHER EVIDENTIARY HEARING ON WHETHER TO
DISMISS BANKRUPTCY CASE

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 15th day of August 2000, I conferred with counsel for Appellee regarding the above request for relief.

_____
Anne E. Catmull


## CERTIFICATE OF SERVICE

I, Anne E. Catmull, certify that a true and correct copy of the foregoing instrument was mailed to all parties and counsel as provided below, by first class mail, on August 16, 2000.

| | |
|---|---|
| Chris E. Ryman<br>COATS, ROSE, YALE, RYMAN & LEE, P.C.<br>800 First City Tower<br>1001 Fannin Street<br>Houston, Texas 77002<br>**ATTORNEYS FOR PLAINTIFFS** | Leonard Rose<br>Robert W. Tormohlen<br>LEWIS, RICE & FINGERSH, L.C.<br>1010 Walnut, Suite 500<br>Kansas City, MO 64106<br>**ATTORNEYS FOR PLAINTIFFS** |
| Richard A. Schwartz<br>Phillip W. Bechter<br>SCHWARTZ, JUNELL, CAMPBELL<br>  & OATHOUT, L.L.P.<br>Two Houston Center<br>909 Fannin Street, Suite 2000<br>Houston, Texas 77010 | _____<br>Anne E. Catmull |

EMERGENCY JOINT MOTION RECONSIDER 8/15/00 ORDER DENYING        7
EMERGENCY JOINT MOTION TO EXTEND DEADLINE BY WHICH BANKRUPTCY
COURT MUST HOLD FURTHER EVIDENTIARY HEARING ON WHETHER TO
DISMISS BANKRUPTCY CASE

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| BAKER ENERGY RESOURCES, | § | BANKR. CASE 00-20338-C-11 |
| | § | |
| DEBTOR | § | CHAPTER 11 |

| | | |
|---|---|---|
| BAKER ENERGY RESOURCES | § | |
| CORPORATION | § | |
| VS. | § | APPEAL NO. |
| | § | CIVIL ACTION CA-C-00-128 |
| READING AND BATES | § | |
| CONSTRUCTION CO. | § | |

## ORDER

On this date came on to be considered the Emergency *Joint* Motion to Reconsider 8/15/00 Order Denying Emergency *Joint* Motion to Extend Deadline By Which Bankruptcy Court Must Hold Further Evidentiary Hearing On Whether To Dismiss Bankruptcy Case (the "Motion") and having considered the Motion and the lack of opposition thereto, the Court GRANTS the Motion.

It is therefore

ORDERED that the deadline by which the Bankruptcy Court shall conduct further evidentiary hearing on whether to dismiss the above-referenced bankruptcy case, pursuant to this Court's order signed July 20, 2000, is extended by and through September 12, 2000; it is further

ORDERED that the July 15, 2000 order denying the Emergency *Joint* Motion to Extend Deadline By Which Bankruptcy Court Must Hold Further Evidentiary Hearing On Whether To Dismiss Bankruptcy Case is vacated.

SIGNED: _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

Submitted & Entry Requested By:

_____
Shelby A. Jordan
Texas State Bar # 11016700
Admissions # 2195
Anne Catmull
Texas State Bar # 00794932
Admissions # 19615
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 North Shoreline Blvd., Suite 900
Corpus Christi, Texas 78471
Telephone: (361) 884-5678
Telecopier: (361) 888-5555

**ATTORNEYS FOR APPELLANT**


*R. Tormohlen by permission*
*A. Catmull*
_____
Leonard Rose
State Bar No. 00785054
Robert W. Tormohlen
MO Bar No. 40024
LEWIS, RICE & FINGERSH, L.C.
1010 Walnut, Suite 500
Kansas City, MO 64106
Telephone No. (816) 421-2500
Telecopier No. (816) 472-2500
**ATTORNEYS FOR APPELLEE**


*M. Schmidt by permission*
*A. Catmull*
_____
Michael Schmidt
State Bar No. 17775200
Admissions No. 10260
712 American Bank Plaza
Corpus Christi, TX 78475
Telephone No. (361) 884-9949
Telecopier No. (361) 884-6000
**ATTORNEYS FOR APPELLEE**


Page 2.

# EXHIBITS NOT IMAGED